IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL J. SANCHEZ-
VELAZQUEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CIV. NO.: 14-1723(SCC)

**MEMORANDUM AND ORDER**

Plaintiff Angel J. Sánchez-Velázquez asks this court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability benefits. Docket No. 1. After a review of the record and the parties' memoranda, we remand this matter to the Commissioner.

*STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a

denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. §§ 404.1520(a)(4), (e). Once the RFC is determined, the inquiry

proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff made an application for disability benefits on June 22, 2011, alleging disability since May 6, 2011. *See* TR. at 409-410.[1] The claim was initially denied on April 27, 2012, (TR.53-56), as was the reconsideration, (TR. 57-59), and Plaintiff thereafter requested a hearing, which was held was held on July 22, 2013. *See* TR. 35-48. The ALJ ultimately determined that Plaintiff was not disabled. TR. 10-34. The appeals council refused to review the ALJ's decision, *see id.* at 1-5, and he filed this appeal. Docket No. 1.

At step four, the ALJ determined that Plaintiff did not have a combination of impairments that meets or medically equals

---

**1.** We will refer to the Social Security Transcript as "TR." throughout.

the severity of those listed at 20 C.F.R. pt. 404, subpt. P, app. 1. TR. at 20. Likewise, the ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform "light work," except that he needs to alternate positions approximately every 2 hours and cannot deal with the general public. *Id.* at 23. The ALJ then found that while Plaintiff could no longer perform his past relevant work, there existed work that he could perform; therefore, he was not disabled. *Id.* at 29.

## *ANALYSIS*

Plaintiff alleges three errors in the ALJ's decision. First, Plaintiff claims that the ALJ, in determining his RFC, erred in not giving controlling weight to Plaintiff's treating psychiatrist. Second, Plaintiff claims that the ALJ's decision that he could still perform alternate work is not supported by the record. And third, that the ALJ did not accurately convey to the Vocational Expert ("VE") the full extent of Plaintiff's limitations.

### 1. The ALJ's RFC finding

The ALJ determined that Plaintiff had an RFC permitting "unskilled work that involves simple and repetitive taks" and that does not require dealing with the general public. TR. at 23. In reaching this conclusion, the ALJ summarized the findings

of Dr. Luis A. Toro, a psychiatrist who examined Plaintiff on October 25, 2011. TR. at 494-496. Dr. Toro found Plaintiff's "attention, concentration and retention" to be normal. *Id.* at 495. He also noted that Plaintiff's "judgment and reasoning" were not impaired and that he was "capable of normal interpersonal relationships." *Id*.

The ALF gave the opinion of Dr. Toro "great weight" (TR. at 27) and accorded "lesser weight" to the findings of Plaintiff's treating psychiatrist, Dr. Maritza Ortiz. TR. at 26. Plaintiff was also examined by psychological consultants from the State Insurance Fund ("SIF"), but the ALJ gave "lesser weight" to their findings. *Id*. at 27.

Dr. Ortiz examined Plaintiff on June 9, 2011, July 14, 2011, November 8, 2011 and July 12, 2012. TR. at 535. Dr. Ortiz completed a medical report (*Id*.) and a mental residual functional capacity assessment (TR. 540-544), both dated November 16, 2012. She found that Plaintiff had marked and extreme limitations on his ability to understand, remember and carry out instructions, as well as extreme limitations in his ability to perform activities within a schedule, make simple work-related decisions and sustain an ordinary routine without supervision. *Id*.

Plaintiff avers that the ALJ erred in granting "great weight" to Dr. Toro's conclusions even though he only examined him on one occasion, while giving "lesser weight" to his treating physician. Furthermore, Plaintiff argues that his condition has worsened since Dr. Toro's examination on October of 2011, a fact that was also not considered by the ALJ in his Decision.

To justify his credibility finding regarding Dr. Ortiz's testimony, the ALJ stated that it was inconsistent with other evidence on the record, including "her own clinical findings in the medical report or the findings of the SIF psychiatrists." TR. at 26. This is so because, even though Dr. Ortiz found that Plaintiff had marked and extreme limitations, she reported that he was "alert", and had "adequate" memory, judgment and intellectual functions. TR. at 106-108. This apparent contradiction between her observations and her diagnosis is the ALJ's basis for giving her findings "lesser weight." As for Dr. Toro's assessment, it was given "great weight" because it was "consistent" with the observations of Dr. Ortiz' and the other examining sources. TR. at 27.

The RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," *i.e.*, "8 hours a day,

for 5 days a week." SSR 96-8P, 1996 WL 374184, *1 (July 2, 1996). In making an RFC assessment, the ALJ "must consider all relevant evidence in the record, including the opinions and statements by all medical sources." *Hynes v. Barnhart*, 379 F. Supp. 2d 220, 224 (D.N.H. 2004) (citing 20 C.F.R. §§ 404.1545(a) & 404.1564). The Commissioner's regulations require the ALJ to give the opinions of treating physicians "on the nature and severity" of a plaintiff's impairments "controlling weight," at least where the opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2). *But see* 20 C.F.R. § 404.1527(d)(2) (noting that "final responsibility for deciding" various issues, including an impairment's nature and severity, "is reserved to the Commissioner"). The ALJ's opinion must "provide a clear explanation for its evidentiary basis and reasons for rejecting medical source opinions." *Id.* (citing *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001)). The ALJ must "always give good reasons" for the weight it gives a treating source opinion. 20 C.F.R. § 404.1527(c)(2); *see also Polanco-Quiñones v. Astrue*, 477 F. App'x 745, 746 (1st Cir. 2012) (per curiam).

SANCHEZ-VELAZQUEZ v. COMMISSIONER                                  Page 9

Upon careful review, we find that the ALJ failed to support his opinions as to Plaintiff's RFC. The ALJ mostly relied on the testimony of Dr. Toro, who only examined Plaintiff once, whereas Dr. Ortiz was Plaintiff's treating physician. Moreover, Dr. Ortiz was the last doctor to examine Plaintiff and render an opinion as to his condition. Neither Dr. Toro, nor the SIF consultants' opinions, accounted for the deterioration of Plaintiff's psychological state after he was examined by them. Thus, we can find no basis in the ALJ's decision for his conclusion, nor can we find an explanation for his decision to disregard the opinion of Plaintiff's examining physician.

### *CONCLUSION*

Because the ALJ failed to properly explain his findings with regard to Plaintiff's RFC, this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

IT IS SO ORDERED.
In San Juan, Puerto Rico, this 10th day of March, 2016.
S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE